```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
KEVIN LOWE,                                                      :
                                                                 :
                                                                 :
                    Plaintiff,                                   :
                                                                 :
           -v-                                                   :    23 Civ. 1593 (JPC) (OTW)
                                                                 :
U.S. DEPARTMENT OF JUSTICE OFFICE OF                             :    ORDER ADOPTING
INFORMATION POLICY,                                              :    REPORT AND
                                                                 :    RECOMMENDATION
                    Defendant.                                   :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Kevin Lowe, proceeding *pro se*, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of records held by the Executive Office of the United States Attorneys ("EOUSA") relating to his criminal prosecution and conviction in this District. On August 22, 2025, the Honorable Ona T. Wang, to whom this case has been referred for general supervision of pretrial proceedings and to issue a Report and Recommendation on any dispositive motions, recommended that the undersigned deny Plaintiff's motion for summary judgment and grant the Government's cross-motion for partial summary judgment. Dkt. 64 ("R&R"). On September 1, 2025, Plaintiff timely objected to the Report and Recommendation, challenging only Judge Wang's analysis of a redacted report of an interview conducted by Drug Enforcement Administration ("DEA") agents of Dr. Cesar Santos. Dkt. 65 ("Objection"). For the reasons that follow, this Court overrules Plaintiff's objection and adopts the Report and Recommendation in its entirety.

## I. Background

In a letter dated December 17, 2017, Plaintiff made a request under FOIA to EOUSA for "any and all material pertaining to my case entitled United States v. Kevin Lowe . . . prosecuted by your office." *See* Dkt. 50 ("Jones Decl.") ¶ 5, Exh. A. In August 2018, EOUSA referred the request to the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), the office which had prosecuted Plaintiff, to conduct a search of its files for potentially responsive records. *Id.* ¶ 9; *see United States v. Lowe*, No. 14 Cr. 55 (LGS) (S.D.N.Y.). Between January and June 2020, USAO-SDNY identified approximately 5,250 pages of potentially responsive records and transmitted those records to EOUSA for processing. Jones Decl. ¶ 18; Dkt. 52 (Declaration of Darian Hodge) ¶¶ 6-7. EOUSA then made five productions between July 28, 2020, and October 27, 2023, releasing certain records in full or part, withholding other records in full, and providing a *Vaughn* index. Jones Decl. ¶¶ 19-25, Exh. S; *see Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

While processing Plaintiff's request, EOUSA identified certain records that originated at other federal agencies, including the DEA, and transmitted those records to the originating agency for review and release determinations. Jones Decl. ¶¶ 21-25; Dkt. 51 ("Davis Decl.") ¶ 3. After reviewing its records, the DEA determined which information was "exempt from disclosure pursuant to FOIA exemptions 3, 5, 6, 7(C), 7(D), 7(E), and 7(F)," and segregated and redacted that information accordingly. Davis Decl. ¶ 4. On June 27, 2024, the DEA released to Plaintiff "in full or in part 585 pages of records," and withheld "939 pages of records," *id.*; *see id.*, Exh. A, and also provided a *Vaughn* index with justifications for the invoked FOIA exemptions, *id.*, Exh. B. One of the records the DEA disclosed in this production was the redacted report of an interview DEA agents conducted with Dr. Santos. *Id.*, Exh. B at 86.

Plaintiff initiated this action on February 24, 2023. Dkt. 1. The Government subsequently continued to make productions to Plaintiff. *See* Dkts. 22, 25, 29, 31, 34, 36, 38 (updates from the Government). Dissatisfied with the Government's productions, however, Plaintiff moved for summary judgment in or around September 2024, "seeking the release of records improperly withheld by the Defendant" and an order that the Government "produce immediately all records responsive to" his 2017 FOIA request. Dkt. 39 ("Motion"). The Government opposed that motion and cross-moved for partial summary judgment[1] on January 17, 2025, with supporting declarations from various records custodians. Dkts. 48-54. Plaintiff filed a submission opposing the Government's motion and in further support of his own motion on February 16, 2025. Dkt. 55. And the Government filed a reply brief and an additional custodian declaration on March 10, 2025. Dkts. 57 ("Reply"), 58.

Judge Wang issued the Report and Recommendation on August 22, 2025. Judge Wang determined that the Government performed an adequate search and properly withheld records under FOIA, R&R at 8-16, and that Plaintiff failed to show that the Government acted in bad faith in responding to his FOIA request, *id.* at 16-17. She thus recommended that the undersigned deny Plaintiff's motion in its entirety and grant the Government's motion with respect to records produced as of January 2025. *Id.* at 17.

---

[1] In its moving brief, the Government explained that it sought "partial" summary judgment because it recently had "identified several records that required further processing." Dkt. 49 at 6 n.2. The Government further explained that it "anticipates filing a supplemental motion with respect to these additional records, if necessary, once they have been reprocessed and any further productions of non-exempt records have been made to [Plaintiff]." *Id.* In its response to Plaintiff's objection to the Report and Recommendation, the Government notes that on March 11, 2025, the Government informed Plaintiff that it had determined the additional records to be exempt from disclosure in full and provided Plaintiff with a supplemental *Vaughn* index setting forth the bases for withholding under the applicable FOIA exemptions. Dkt. 68 at 3 n.1.

3

Plaintiff filed his objection to the Report and Recommendation on September 1, 2025, challenging only Judge Wang's determination as to the redacted report of the DEA's interview of Dr. Santos. Objection at 1. Judge Wang had determined that "the Government credibly assert[ed]" that Dr. Santos's interview report was "previously redacted when discovered and not withheld . . . in response to [Plaintiff's] Request." R&R at 17. Judge Wang further explained that "[t]o the extent Plaintiff claims the Government should seek out the unredacted copy, which the Government certifies is not in its possession, that claim is without merit." *Id.* (citing *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)). In his objection, Plaintiff criticizes the Report and Recommendation for "ignor[ing] the DEA's role as the originating agency, custodian of the unredacted report, and the very component entrusted with releasing the record to the Plaintiff after referral by EOUSA." Objection at 1-2. The Government responded to Plaintiff's objection on September 19, 2025. Dkt. 68.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a timely and otherwise proper objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). The district court reviews those portions of a report and recommendation to which an improper objection was filed only for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'" *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). However, "objections generally may not be new arguments 'that were not raised, and thus were not considered, by the magistrate judge.'" *Vlad-Berindan v. MTA New York City Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1 (S.D.N.Y. Dec. 10, 2014) (quoting *Jackson v. Brandt*, No. 10 Civ. 5858 (PAC), 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012)); *see also Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) ("A motion referred to a magistrate judge is not a trial run." (internal quotation marks and brackets omitted)).

### III.  Discussion

Plaintiff's lone objection to the Report and Recommendation—his challenge to the production of the DEA's redacted report of Dr. Santos's interview—raises several legal arguments that were not made before Judge Wang in his summary judgment briefing. *See generally* Motion; Dkt. 55-1.  Accordingly, it would be appropriate to review the Report and Recommendation for "clear error on the face of the record" with respect to those newly raised arguments. *Urena v. People of State of N.Y.*, 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001).  But even reviewed *de novo*, Plaintiff's challenges to Judge Wang's analysis of the interview report fail.

Plaintiff argues that the DEA, as the originator of the interview report, is required to disclose the report in its original, unredacted form. Objection at 2-5. But Plaintiff submitted his FOIA request to EOUSA, not the DEA. "To be an 'agency record' within the meaning of FOIA, a document must be both (1) created or obtained by the entity from which the information was requested, and (2) controlled by that entity at the time of the FOIA request." *Blixseth v. U.S. Immigr. & Customs Enf't*, No. 19-1292 (JEB), 2020 WL 210732, at *3 (D.D.C. Jan. 14, 2020)

5

(citing *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 217 (D.C. Cir. 2013)); *see U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) (analyzing whether a record was in the custody of the agency that received the FOIA request).  The Government represented that the interview report was redacted when USAO-SDNY located it during a search of its records and transmitted it to EOUSA.  *See* Reply at 6 ("The report [Plaintiff] received from the DEA is the identical report—with the same redactions—that EOUSA retrieved from the U.S. Attorney's Office for the Southern District of New York ('USAO-SDNY') and then referred to the DEA for processing under FOIA and production to [Plaintiff].").  The agency record responsive to Plaintiff's request to EOUSA is the redacted version of the report because that was the version in EOUSA's control at the time that it received his request.  Even if the DEA still had control of an the unredacted original report, because that agency did not receive the FOIA request, it was not responsible for reviewing and producing that record.[2]

---

[2] Plaintiff maintains that "[t]he DEA's control here is no different from *Judicial Watch v. Secret Service*, 726 F.3d 208, 217 (D.C. Cir. 2013), where records created and maintained by one agency were still subject to FOIA regardless of the request's point of entry."  Objection at 2.  In *Judicial Watch*, the D.C. Circuit held, *inter alia*, that the Secret Service was required to disclose White House visitor logs that it controlled but that originated in certain other agencies housed on the White House Complex.  726 F.3d at 232-34.  But that case does not help Plaintiff.  To the contrary, *Judicial Watch* demonstrates that the onus of reviewing and disclosing records falls on the agency that received the request, not the one that created the record.  The Secret Service had received a request for all White House visitor logs in its control since the start of the Obama administration.  *Id.* at 214.  After establishing that those records were in fact within the Secret Service's "control," the D.C. Circuit inquired into their origin for purposes of determining whether they were "agency records" subject to FOIA, which carves out various presidential records from its general disclosure requirement.  The court held that many of the logs were presidential records excluded from FOIA's disclosure requirement, but that FOIA applies to the logs produced by other agencies located on the White House Complex, such as the Office of Management and Budget, so the Secret Service would need to disclose those logs.  *Id.* at 232-33.  Whether the DEA is an agency whose records are subject to FOIA is not at issue here.  And *Judicial Watch* does not address the questions presented by Plaintiff, which are whether the agency that received the request is required to disclose a different version of a responsive record than the one in its control at the time it received the request, and whether the agency that created that record is required to search for and produce a different version of the record when it is not the agency that received the FOIA request.

Nor did EOUSA's referral of records to the DEA for review somehow trigger a duty by that agency to produce the original, unredacted version of the report of Dr. Santos's interview, as Plaintiff seems to suggest, Objection at 1-2. *See Davis v. U.S. Dep't of Just.*, 970 F. Supp. 2d 10, 15 (D.D.C. 2013) ("The plaintiff submitted his FOIA request to the EOUSA, and the FBI's obligation is limited to the processing of the documents referred to it by the EOUSA." (citing *White v. Dep't of Just.*, 952 F. Supp. 2d 213, 219 (D.D.C. 2013))). To the extent Plaintiff also suggests that EOUSA should have searched DEA's records for the original, unredacted interview report, EOUSA had no such obligation, even though EOUSA and the DEA both fall under the U.S. Department of Justice. *See Blixseth*, 2020 WL 210732, at *3 (rejecting an argument that Immigration and Customs Enforcement was required to search the records of other U.S. Department of Homeland Security agencies because "[d]ocuments obtained or controlled by an agency other than the one processing the request do not constitute part of the defendant agency's FOIA obligation"). Similarly, Plaintiff's argument that "[t]he Department of Justice is the named defendant, and the DEA is a DOJ component," Objection at 3, misses the point, given that Plaintiff's FOIA request was directed only at EOUSA and thus triggered obligations only for that agency.

As to the remainder of the Report and Recommendation to which Plaintiff did not object, the Court finds no clear error in the record. Indeed, the Court has conducted *de novo* review of the entire Report and Recommendation and finds it to be well-reasoned and its conclusions well-founded. Judge Wang correctly applied the governing law to conclude that the search was adequate and any records were properly withheld under FOIA. R&R at 5-8 (setting forth

---

*Judicial Watch* supports only the proposition that the agency that received the FOIA request must consider whether a potentially responsive record in its control originated in an agency whose records are subject to FOIA.

7

applicable legal standard); *see Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812-13 (2d Cir. 1994). In doing so, she reviewed the Government's sworn declarations describing its search of potentially responsive records, as well as the *Vaughn* indices that described the exempt portions of redacted produced records, the exempt records that were entirely withheld, and the applicable FOIA exemptions with supporting factual justifications. R&R at 8-16. Finally, Judge Wang concluded that Plaintiff failed to rebut the Government's presumption of good faith in responding to his FOIA request or withholding documents under a FOIA exemption. *Id.* at 16-17. Accordingly, the portions of the Report and Recommendation to which Plaintiff did not object are adopted as well.

## IV. Conclusion

For the reasons set forth above, the Court adopts the Report and Recommendation in its entirety. Plaintiff's motion for summary judgment is denied, and the Government's cross-motion for partial summary judgment with respect to records produced as of January 2025 is granted. The Clerk of the Court is respectfully directed to close Docket Numbers 39 and 48.

SO ORDERED.

Dated: September 29, 2025
New York, New York

JOHN P. CRONAN
United States District Judge